UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

DAVID EARL MAJORS,

    Petitioner,

V.

FRANCISCO QUINTANA, Warden,

    Respondent.

Civil Action No. 5: 17-432-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate David Earl Majors has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct an initial screening of Majors' petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In March 2001, a jury in Waco, Texas found Majors guilty of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a). In April 2002, the trial court sentenced Majors to 262 months imprisonment. In doing so, it found that Majors qualified as a career offender under U.S.S.G. § 4B1.1 because he had two prior convictions for crimes of violence – one for robbery and another for burglary of a habitation. *United States v. Majors*, No. 00-CR-28-2 (W.D. Tex. 2000). The Fifth Circuit affirmed on direct appeal over Majors' objections to both his conviction and the calculation and enhancement of his sentence. *United States v. Majors*, 328 F. 3d 791 (5th Cir. 2003).

In the years following, Majors filed numerous motions and petitions challenging his convictions and sentence, and also sought reductions in his sentence. None of these met with success, and his repeated presentment of meritless or frivolous motions resulted in the Fifth Circuit imposing sanctions against him not once, but twice. *In re: David Earl Majors*, No. 11-50516 (5th Cir. Aug. 11, 2011); *Majors v. Chandler*, No. 12-11149 (5th Cir. June 17, 2013).

1

In his petition, Majors alleges that his sentence was enhanced under U.S.S.G. § 4B1.1 based upon two prior convictions for possession with intent distribute an unidentified narcotic, which he contends was improper in light of the recent decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). From that premise, Majors argues that his prior convictions no longer constitute valid predicate offenses, citing the Fifth Circuit's decision in *United States v. Hinkle*, 832 F. 3d 569 (5th Cir. 2016). Majors makes no effort to identify the dates of his prior convictions, the particular statutes under which he was convicted, or the state(s) which imposed them. [R. 1]

The Court must deny Majors' petition because his arguments are based upon a demonstrably-false factual premise. Contrary to his assertions here, "Majors qualified as a career offender under § 4B1.1 based on prior convictions of robbery and burglary of a habitation." *Majors*, 328 F. 3d at 797.[1] Majors makes no argument that those convictions were not for crimes of violence within the meaning of § 4B1.2(a). His petition therefore fails to state any viable basis for relief, and must be denied.

Accordingly, it is **ORDERED** as follows:

1. Majors' petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Entered December 15, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[1] The Court "may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); see also Fed. R. Evid. 201(b)(2). Records on government websites are self-authenticating. Fed. R. Evid. 902(5); *Qiu Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013) ("A document posted on a government website is presumptively authentic if government sponsorship can be verified by visiting the website itself.").